# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

|  |  |
|---|---|
| Robin Murphy Thompson, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Merchants Adjustment Service, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | : |

## COMPLAINT

For this Complaint, the Plaintiff, Robin Murphy Thompson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robin Murphy Thompson ("Plaintiff"), is an adult individual residing in Scottsboro, Alabama, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and A.C.A. § 17-24-502(2).

5. Defendant Merchants Adjustment Service, Inc. ("Merchants"), is an Alabama business entity with an address of 56 North Florida Street, Mobile, Alabama 36607, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), A.C.A. § 17-24-502(5)(A).

6. Does 1-10 (the "Collectors") are individual collectors employed by Merchants and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Merchants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5) and A.C.A. § 17-24-502(4).

10. The Debt was purchased, assigned or transferred to Merchants for collection, or Merchants was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2) and A.C.A. § 17-24-502(1).

### B. Merchants Engages in Harassment and Abusive Tactics

12. On or about February 17, 2020, Merchants contacted Plaintiff in an attempt to collect the Debt.

13. During the initial conversation, Merchants falsely threatened to take legal action against Plaintiff if the Debt was not paid that day.

14. Such threat overshadowed Plaintiff's right to dispute the Debt within 30 days.

15. Moreover, to date, no lawsuit has been filed by Merchants against Plaintiff as threatened.

16. Merchants' actions caused Plaintiff a significant amount of frustration, confusion and anxiety.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
## 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants overshadowed Plaintiff's right to dispute the Debt.

26. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT – ALA CODE § 8-19-1, *et seq.*

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants' actions constitute unfair or deceptive trade practices within the meaning of the Alabama Deceptive Trade Practices Act, as defined by Ala. Code § 8-19-1 *et seq*.

30. As the result of Defendants' violations, the Plaintiff is entitled to injunctive relief and to recover actual or statutory damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

   1692k(a)(3) against the Defendants;

4. Injunctive relief, actual and statutory damages pursuant to Ala. Code § 8-19-10 against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ala. Code § 8-19-10 against the Defendants;

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 9, 2020

                                        Respectfully submitted,

                                    By: */s/ Curtis R. Hussey*
                                        Curtis R. Hussey (ASB 7684 S57C)
                                        Hussey Law Firm, LLC
                                        82 Plantation Pointe Road #288
                                        Fairhope, AL  36532
                                        Telephone:  (251) 928-1423
                                        E-mail: gulfcoastadr@gmail.com

                                        *Of Counsel to*
                                        Lemberg Law, LLC
                                        43 Danbury Road, 3rd Floor
                                        Wilton, CT 06897
                                        Telephone:  (203) 653-2250
                                        Facsimile:  (203) 653-3424

                                        Attorneys for Plaintiff
                                        Robin Murphy Thompson