# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ROBIN MURPHY THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 5:20-cv-1591-LCB |
| ) | |
| **MERCHANTS ADJUSTMENT** ) | |
| **SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** | |

## ORDER

On March 12, 2021, the Court entered an Order (Doc. 20) resetting the hearing on Curtis Hussey's Motion for Relief from Order (Doc. 16). In that Order, the Court thoroughly recounted the series of events that led to the imposition of monetary sanctions against Mr. Hussey and the threat of this action being dismissed with prejudice. (Doc. 20). On March 23, 2021, the Court conducted a hearing on Mr. Hussey's Motion. Mr. Hussey appeared at the hearing along with Plaintiff's new counsel, John Watts,[1] and defense counsel Charles Parnell. Mr. Hussey indicated that he would soon be filing a motion to withdraw from the case.

In support of his request for relief, Mr. Hussey reiterated the assertions and arguments he presented in his Motion for Relief from Order and the Supplement

---

[1] Mr. Watts and another attorney, Stan Herring, entered notices of appearance in this case on March 22, 2021. (Docs. 22 and 23).

thereto. (*See* Docs. 16 and 17). Mr. Hussey maintained that, due to technical difficulties with his computer system and email account, he did not receive notice of the show-cause hearing set for February 11, 2021, at which he failed to appear. As Mr. Hussey noted at the hearing, he could have used PACER to stay aware of the status of his cases, but he did not. The Court finds his explanations to be insufficient.

At the hearing, however, Mr. Hussey also made statements in which he characterized his role in the Plaintiff's representation as "local counsel." That characterization conflicts with the information the Court received from Sergei Lemberg[2] as described in its order of March 12, 2021. (*See* Doc. 20 at 3) (recounting Mr. Lemberg's assertion to Court staff that Mr. Hussey was not acting as local counsel; rather, Mr. Hussey was solely responsible for the case). Mr. Hussey also failed to explain his delay in returning the telephone call that was placed by Court staff immediately after he failed to appear at the hearing on February 11, 2021.

The Court further finds that Mr. Hussey failed to provide a sufficient explanation for filing a motion for entry of default 28 days after the Defendant filed its answer. As noted in the Court's February 1, 2021 show-cause order, Mr. Hussey filed the motion for entry of default accompanied by an affidavit swearing under penalty of perjury that the "Defendant has failed to answer or otherwise respond to

---

[2] As noted in the Court's March 12, 2021 order, Mr. Hussey represented to the Court that he was acting as local counsel for the Lemberg law firm.

the Complaint, or serve a copy of any answer or other response upon Plaintiff's counsel of record." (Doc. 10-1).  However, as noted, the Defendant had in fact filed an answer some 28 days prior.  Mr. Hussey's explanation that the errant filing was attributable to a clerical mistake is insufficient.  There is simply no excuse for his failure to verify whether an answer had been filed before filing an affidavit asserting that one had not.

The Court also heard argument from defense counsel, Charles Parnell.  Mr. Parnell requested, as he did in his March 22, 2021 brief, that the Court dismiss this case with prejudice as a sanction for Mr. Hussey's handling of the matter and to assess attorney's fees against Mr. Hussey.  Plaintiff's new counsel, Mr. Watts, argued in response that the Plaintiff should not be punished for Mr. Hussey's actions because, he said, she had no responsibility for Mr. Hussey's actions and was not even aware of any of the issues until a few days before the hearing.

Given the seriousness of the sanction of dismissal, the fact that the plaintiff appears to bear no responsibility for Mr. Hussey's handling of her case, and Mr. Hussey's representations on his lack of willfulness regarding the manner in which he handled this matter, the Court finds that dismissal with prejudice would not be appropriate in this case. *Smith v. Bruster*, 424 Fed. Appx. 912, 914 (11th Cir. 2011) (quoting *Zocaras v. Castro,* 465 F.3d 479, 483–84 (11th Cir.2006): "Dismissal with prejudice is a sanction of last resort, and only proper if the district court finds 'a clear

record of . . . willful conduct and that lesser sanctions are inadequate to correct such conduct."). Further, given Mr. Hussey's appearance in Court, his arguments, and his apologies, the Court hereby reduces the amount of the monetary sanction to $500 and orders that it be paid to Mr. Parnell as attorney's fees in compensation for the efforts he has expended dealing with these extraneous matters.

The Court also notes that plaintiff's new counsel filed a motion to withdraw the January 7, 2021 motion for entry of default that was filed by Mr. Hussey. (Doc. 24). As noted in open Court, that motion is **GRANTED**. Further, for the reasons explained above, Mr. Hussey's Motion for Relief from Order (Doc. 16) is **GRANTED IN PART**. To the extent the motion asks the Court not to dismiss the plaintiff's case, the motion is **GRANTED**. To the extent the motion seeks relief from monetary sanctions, the motion is **GRANTED IN PART**. The Court hereby reduces the amount of the sanction to five hundred dollars ($500.00) and **ORDERS** that it be paid immediately to defense counsel, Charles Parnell. The parties are further **ORDERED** to meet and confer within 10 days regarding their obligations under Fed. R. Civ. P. 26(f) as described in the Court's Initial Order. *See* (Doc. 13, at 1-4). The parties shall submit their report of parties' planning meeting on or before April 19, 2021.

**DONE** and **ORDERED** March 24, 2021.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE